UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx)<br>[Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | November 24, 2010 |
|---|---|---|---|
| Title | JOHN GARAMENDI v. ALTUS FINANCE, ET AL. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Petitioner:     Attorneys **NOT** Present for Respondent:

**Proceedings:**     **IN CHAMBERS (No Proceedings Held)**

      This is the Court's ruling on Artemis's Motion to Preclude Testimony at Trial Of James P. Corcoran.[1]

      All the briefs on this motion were filed before the Court issued its August 9, 2010 Order "trifurcating" the trial. So it is perhaps understandable that the warring contentions on this motion largely miss the point. And what *is* the point? Simply this: Messrs. Hart and Vasiliou are supposedly going to testify about damages, and the damages phase (Phase Two) will be reached only if the Commissioner proves the "NOLHGA Premise" in the first phase.[2] So all the back and forth on this motion stemming from Mr. Lennon's attack on the assumptions in the reports and expected testimony of Messrs. Vasiliou and Hart (if he testifies at all) are misplaced; if we get to Phase Two Artemis already will have lost its challenge to those assumptions in Phase One.

      Moreover, even given that in principle a rebuttal expert may attempt to undermine an opposing expert's assumptions, what Mr. Lennon asserted in many portions of his report is inappropriate and inadmissible. Why? Because it rather explicitly attacks the

---

    [1] Dkt. 3790. *See infra* for ruling on part of Dkt. 3816.

    [2] True, the August 9, 2010 Order acknowledges that Messrs. Hart and Vasiliou "might" also have testimony that belongs in Phase One, namely testimony about "how the NOLHGA bid was intended to work . . . [but] in this phase [phase one] they will not be permitted to testify about their conclusions about whether those intended outcomes would have been achieved had NOLHGA in fact been the successful bidder."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx) [Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | November 24, 2010 |
|---|---|---|---|
| Title | JOHN GARAMENDI v. ALTUS FINANCE, ET AL. | | |

credibility of those percipient witnesses for the Commissioner who will have testified about what they did in 1991 and why they did it, as well as what they would have done differently and why they would have done it differently had they known of the *contrats de portage*. Mr. Lennon might be qualified to state his opinion about how a reasonable regulator would have gone on about making the decision in 1991[3] - - and such testimony might be admissible in Phase One, as the August 9, 2010 Order contemplates - - but his report goes way beyond that. A good example is ¶¶ 14-24 ("What the Commissioner Faced"). It reads like a closing argument. In any event, very little, if anything, in those paragraphs addresses what Messrs. Hart and Vasiliou dealt with in their reports about damages.

In light of the mess that resulted from the approach taken in the first trial, counsel should have confined their efforts to what is really at issue on remand. The Commissioner should have realized, for example, that proffering an expert such as Mr. Corcoran to give an opinion described as follows would be unacceptable:

> Third Opinion - - Mr. Lennon is incorrect if he believes that Commissioner Garamendi would not have selected the NOLHGA bid if he had learned of the portage agreements and the deception that Altus and MAAF had engineered.

Who cares what Mr. Lennon "believes" Commissioner Garamendi would have done? Who cares what Mr. Corcoran believes about what Mr. Lennon believes about what Mr. Garamendi would have done? Lennon would never be permitted to voice any such belief in the first place. The same is true as to the evident pleasure Mr. Corcoran took in his swipes at Mr. Lennon, concerning what would or would not have been kosher at the New York Department of Insurance in the 1990s. Such testimony is irrelevant and would not be admissible at the retrial.

---

[3] The Court rejects the request made by Mr. Rice (the Commissioner's counsel) at the hearing today that Mr. Corcoran be permitted to rebut testimony that Mr. Lennon may give as to his view as to what a reasonable regulator would have done in 1991 (as opposed to 1993).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx)<br>[Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | November 24, 2010 |
|---|---|---|---|
| Title | JOHN GARAMENDI v. ALTUS FINANCE, ET AL. | | |

    The Court simply does not have the time to parse through every other paragraph of Mr. Lennon's rebuttal report to see to what extent, if any, it fairly rebuts the reports of Messrs. Hart or Vasiliou. The point is this: in neither Phase One nor Phase Two will the Court permit Mr. Lennon to give testimony that goes beyond genuine rebuttal, which for purposes of this ruling includes testimony by the Commissioner's witnesses (not just his experts) about why it would have been not just the actual, but also a reasonable, decision for the Commissioner in 1991 to have picked NOLHGA had he known of the *contrats de portages*. And because the Court won't permit Mr. Lennon to do that, the ostensible reasons for Mr. Corcoran to provide the equivalent of sur-rebuttal testimony will be mooted.

    The expert testimony in this case will be confined to what Rule 702 permits. It will not include high-priced pronouncements about irrelevant matters, nor gratuitous asides about other witnesses. Therefore, the Court rules as follows:

1. If Messrs. Vasiliou and Hart testify in the second phase about damages, Mr. Lennon will be permitted to rebut their testimony in that phase, including their methodology and conclusions. To the extent their testimony rests on the assumptions in the first three "bullet points" Mr. Lennon identified at page three of his report (namely, their assumption that the Commissioner would have "dismissed" the Credit Lyonnais/Altus bid, would have selected NOLHGA and would have had the surviving insurance company manage the junk bonds from within), Mr. Lennon may not opine on why he thinks those assumptions are baloney.

2. Assuming Mr. Lennon toes the line, Mr. Corcoran may not testify.

* * *

After the Court drafted the above order, it turned for the first time to the parties' exchanges concerning Mr. Lennon in the Commissioner's "Motion in Limine to Limit Artemis's Experts . . .," filed on January 14, 2010.[4] The Court does not intend to scour through all their respective contentions as to Mr. Lennon in those papers. Instead, the Court incorporates the above conclusions and adds the following specific rulings.

---

[4] Dkt. 3816.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx)<br>[Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | November 24, 2010 |
|---|---|---|---|
| Title | JOHN GARAMENDI v. ALTUS FINANCE, ET AL. | | |

(<u>A</u>)   Mr. Lennon may not testify to what the Commissioner would have done, but he may offer an opinion about the factors a reasonable regulator would have been required to evaluate and the conclusion[s] such a reasonable regulator would have reached had he done so.

(<u>B</u>)   Mr. Lennon will not be permitted to testify about the following items set forth in the chart that Artemis filed in response to the Commissioner's Attachment E:

- <u>Item 1</u>
  The Commissioner did not rely on any misrepresentations or nondisclosures by Altus/MAAF.

- <u>Item 2</u>   (at least in Phases One and Two)
  "Artemis and its advisors were, at least, reasonable in their conclusion that Artemis was not required to disclose the agreements between Altus and the MAAF group of investors."

- <u>Item 3</u>   (prior trial testimony not necessarily appropriate in upcoming trial; further offer of proof may be necessary)
  "[T]he portage agreements did not give Credit Lyonnais/Altus an indirect ownership interest [in Aurora]."

- <u>Item 4</u>
  "The portage agreements had absolutely no effect on the transaction or on the treatment of ELIC's policyholders."

- <u>Item 6</u>
  "The DOI Would Not Have Dismissed Credit Lyonnais/Altus"

- <u>Item 7</u>
  "The DOI Would Not Have Selected NOLGHA's Bid"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx) [Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | November 24, 2010 |
|---|---|---|---|
| Title | JOHN GARAMENDI v. ALTUS FINANCE, ET AL. | | |

- Item 8
  "The Commissioner Would Not Have Allowed The Junk Bonds To Remain In The Company"

|  | : |
|---|---|
| Initials of Preparer | SMO |