UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 99-2829 AHM (CWx) [Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | March 14, 2012 |
|---|---|---|---|
| Title | John Garamendi v. Altus Finance, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Petitioner:     Attorneys **NOT** Present for Respondent:

**Proceedings:**     **IN CHAMBERS** (No Proceedings Held)

The Commissioner has requested a trial setting conference.[1]  For the reasons set forth below, the Court DENIES the request.

## I.

## POST-MANDATE DEVELOPMENTS

Following receipt of the Mandate from the Ninth Circuit, the Court has issued the following rulings (among others).

| Date | Dkt No. | Crux of Ruling |
|---|---|---|
| 10/23/08 | 3688 | Specifying matters to be addressed in writing before the next status conference. |
| 12/22/08 | 3715 | Numerous oral rulings at Status Conference, including about mediation. |
| 2/5/09 | 3718 | Rulings about mediation, and discovery; circulation of Court's internally-prepared Annotated Findings of Fact and Conclusions of Law re Restitution |

---

[1] Dkt. 4043.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx)<br>[Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | March 14, 2012 |
|---|---|---|---|
| Title | John Garamendi v. Altus Finance, et al. | | |

| | | |
|---|---|---|
| 8/6/09 | 3764 | Order regarding pretrial deadlines, status conference and hearing on annotated findings. |
| 9/14/09 | 3799 | Order regarding revised pretrial deadlines and pending motions. |
| 11/16/09 | 3809 | Order regarding expert *motions in limine* and other pretrial deadlines. |
| 1/11/10 | 3814 | Order denying DOI/NOLHGA Motion *in Limine* re Jury's Findings.  Artemis may proffer evidence that even if the Commissioner had discovered the conspiracy in time to pull out of the Altus/MAAF deal, he would not have done so, or, in any event, he would not have picked either NOLHGA or Sierra.  It is likely (but not conclusively determined) that the Commissioner will not be permitted to actually recover damages arising out of Artemis's participation in the conspiracy based on a showing that the Commissioner would have accepted the Sierra bid if not for the conspiracy, but he will be permitted to try, in order to provide a basis for appellate review. |
| 1/14/10 | 3815 | Order denying Artemis's motion *in limine* to preclude Plaintiff from seeking damages relating to the increase in value of the ELIC Estate's junk bond portfolio. |
| 1/20/10 | 3842 | Oral orders issued at Status Conference, especially re Court's Annotated Findings. |
| 2/2/10 | 3843 | Interim Order on Artemis's Request for Clarification. |
| 2/5/10 | 3848 | Granting Artemis's Request for Clarification.  Given the Court's definition of the "NOLHGA Premise," the Ninth Circuit's Remand precludes the Commissioner from attempting to prove the NOLHGA premise by proving that he would have rescinded the sale to Altus/MAAF and picked NOLHGA in 1992, 1995 or anytime after he picked Altus/MAAF. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx)<br>[Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | March 14, 2012 |
|---|---|---|---|
| Title | John Garamendi v. Altus Finance, et al. | | |

| | | |
|---|---|---|
| 2/10/10 | 3849 | Order granting Plaintiff's request to supplement the record. |
| 5/14/10 | 3864 | Rulings on Annotated Findings.  Exhibit A to Parties' Supplemental Joint Submission re Annotated Findings; (Dkt. 3864, filed on 3/22/10) will be reduced to a stipulation and admitted into evidence; pronouncements re jury's functions; authorization for filing of motions *in limine* re Judge Lewin's findings and this Court's findings; rulings on numbering trial exhibits; ground rules for preparation of Statement of the Case. |
| 5/28/10 | 3877 | Order denying the Commissioner's request for clarification. |
| 7/1/10 | 3883 | Order denying Artemis's motion to preclude Plaintiff from recovering punitive damages.  Plaintiff will have to procure the necessary findings. |
| 8/9/10 | 3903 | Order on Plaintiff's motion for bifurcation of damages, decreeing three phases of trial.  (1) Can the Commissioner and NOLHGA prove the NOLHGA Premise?  (2) If so, what compensatory damages may they recover?  (3) If prior jury findings warrant punitive damages, what is the amount? |
| 11/24/10 | 3945 | Limiting testimony of Terence Lennon. |
| 11/24/10 | 3946 | Denying Artemis's motion *in limine* to preclude Commissioner from calling Timothy Hart in Phase Two, but without prejudice to renewal of the motion after Phase One. |
| 12/17/10 | 3960 | Order precluding Corcoran, Boles and Roberts from testifying. |
| 1/26/11 | 3974 | Order requiring five disclosures from each party. |
| 2/4/11 | 3977 | Denying Artemis's motion to "enforce" the release contained in the Commissioner's settlement with the MAAF defendants. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx) <br> [Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | March 14, 2012 |
|---|---|---|---|
| Title | John Garamendi v. Altus Finance, et al. | | |

| | | |
|---|---|---|
| 3/10/11 | 3981 | Order re why a trial setting conference cannot yet be scheduled. |
| 6/20/11 | 3992 | Denying Artemis's motion for reconsideration re the Court's ruling on the release. |
| 10/20/11 | 3997 | Order requiring parties to confer about referring this dispute to Judge Daniel Weinstein (ret.) for mediation. |
| 11/10/11 | 4001 | Order about parties' responses to 10/20/11 Order. |
| 12/8/11 | 4005 | Order limiting scope of experts' testimony generally and limiting the testimony of (1) Donald Behan; (2) Colin Blaydon; (3) George Davis; (4) Christopher James; and (5) Terence Lennon. |
| 1/11/12 | 4024 | Order referring Artemis's motion for terminating sanctions to Judge Zarefsky. |
| 2/29/12 | 4038 | Order denying Artemis's motion for sanctions (issued by Judge Zarefsky) |
| 3/5/12 | 4042 | Granting the Commissioner's Motion *in Limine* re Commissioner's expert Kristine Karsten and Artemis's Rebuttal Expert Alain Pietrancosta, upon condition that the parties stipulate that *portage* agreements are not necessarily illegal in France. |
| 3/6/12 | 4044 | Ruling on time limits. |

So far as the Court knows, there are no motions under submission.

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx)<br>[Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | March 14, 2012 |
|---|---|---|---|
| Title | John Garamendi v. Altus Finance, et al. | | |


## II.

## REVIEW OF REMAINING PRE-TRIAL PROCEEDINGS

The parties' previous filings, some of which led to the above rulings, are not included in Section I. But the Court has reviewed a few of the key ones. Among the parties' assertions and requests that have a major impact on whether this case is ready for the setting of a trial and, if so how lengthy the trial will be, are the following.

**A.     Proposals and Requests of the Commissioner and NOLHGA.**

1.     Phase I, the NOLHGA Premise, will require the parties to present evidence about the following:

- aspects of the life insurance business that are relevant to the ELIC insolvency, rehabilitation and bidding process;

- the role and responsibilities of the state guarantee associations (the "GAs") and NOLHGA in the ELIC insolvency and rehabilitation;

- the role of junk bonds in the demise of ELIC;

- the legal and practical significance of declaring ELIC insolvent;

- the impact of the conservation proceedings for the ELIC Estate and the role and powers of the Conservation Court;

- the reasons and rules for the bidding process established by the Commissioner;

- the incentives, strengths and weaknesses of the bidders (*i.e.*, Altus/MAAF, Sierra and NOLHGA);

- the significance to the Commissioner of the different restructuring

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx) [Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | March 14, 2012 |
|---|---|---|---|
| Title | John Garamendi v. Altus Finance, et al. | | |

    percentages, profit participations and financial guarantees for each of the bids;

•    the significance to the Commissioner of the secret *portage* agreements and the conspirators' misrepresentations about these agreements; and

•    the state and federal laws that the conspirators circumvented by fraud.

Commissioner's Response to [Court's] Order of January 26, 2011, pp. 3-4. Dkt. 3975. Obviously, much of this evidence may have a bearing on damages, but most of it also encompasses the issues of liability that were the focus of the first trial.

2.    Some of the Commissioner's intended evidence will be elicited from witnesses who did not testify at the previous trial, including "ELIC policyholder groups [and] the insurance companies that provided a financial guarantee for the junk bonds under the NOLHGA bid," *Id.*, p.5, as well as from representatives of the Guaranty Associations. *Id.* p.6.

3.    The "Commissioner and NOLHGA should be allowed to show the extremely serious nature of the fraud by presenting evidence of the federal prosecution and resulting felony pleas of several conspirators . . . . Moreover, the likely reaction of the Federal Reserve Board to the discovery of the portage agreements in 1991 is another relevant factor . . . ." *Id.*, p.7. Such evidence also was not received in the first trial.

4.    " . . . [T]he Commissioner and NOLHGA believe that the court should allow each side a total of at least 98 hours for the opening statement, direct and cross-examination and closing argument." *Id.,* p.9. Although it is not clear whether this request was meant to encompass all three potential phases or only Phase One, and although it was made before the Court's rulings on numerous motions *in limine*, it would mean that under the Court's current trial schedule (9:00 - 12:00 and 1:15 - 4:00) the realistic daily <u>maximum</u> of available in-court hours with the jury present for these facets of the trial is five. That is because there will be inevitable interruptions for urgent other matters necessitating a hearing, such as injunctions, guilty pleas, sentencings, *Markman* hearings and a myriad of other matters, as well

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx) [Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | March 14, 2012 |
|---|---|---|---|
| Title | John Garamendi v. Altus Finance, et al. | | |

as the need for breaks during testimony. So under this proposal, even assuming it was meant to apply to all three phases, over 39 days - - just over nine court weeks - - would be required for the trial. *And that does not include*: the time needed to resolve disputes over the jury instructions, which were very protracted last time; jury selection; the motions counsel will inevitably make during trial, requiring outside-of-jury determinations; issues with jurors, including late arrivals; jury deliberations, etc.


5. "Recognizing the substantial amount of evidence that is relevant to the NOLHGA Premise, both sides have designated a large number of witnesses for the first phase of the retrial . . ." According to the Commissioner, there will be between 16 and 28 for the Commissioner and NOLHGA and between 15 and 26 for Artemis. *Id.*, p.8. So in Phase One alone, under the Commissioner's proposal there would be from 31 to 52 witnesses, unless the parties have changed their plans and expectations since February 2011 in light of this Court's rulings since then.

For Phase II, the Commissioner proposes to question from 7 to 18 witnesses and Artermis from 8 to 12. *Id.*

For Phase III, the Commissioner and NOLHGA have designated from 16 to 21 witnesses and Artemis has designated 20. *Id.,* p. 9.

6. The Commissioner and NOLHGA have indicated they intend to file four additional motions *in limine*, at least one of which may prove complex as follows. (1) To preclude Artemis from trying to prove it was not culpable. (2) To preclude Artemis from trying to prove that the Commissioner knew or should have known of the *portage* agreements and the Altus/MAAF fraud. (3) To introduce the felony guilty pleas of various Altus/MAAF officers without the limiting instruction the Court required in the first trial. (4) To preclude Artemis from trying to prove that interest does not accrue on policyholders and GAs' claims against the ELIC Estate. *Id.*, pp. 9-11.

**B.     Proposals and Requests of Artemis.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx)<br>[Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | March 14, 2012 |
|---|---|---|---|
| Title | John Garamendi v. Altus Finance, et al. | | |

1.  Artemis will move again to preclude evidence and argument about restitution, but if the Court determines that an equitable phase is necessary following the jury's verdicts, Artemis will seek leave to present new evidence about "the Commissioner's recent actions in preventing the completion of the sale of [NCLH] to . . . Swiss Re." Artemis's Response to the Court's January 26, 2011 Order, p.4, (Dkt. 3976).

2.  Artemis will file the following additional evidentiary motions *in limine*:

    •   <u>Motion *in Limine* re First Jury's Phase I Verdicts</u>. This motion will (a) seek to exclude reference to the first jury's intermediate findings on the intentional misrepresentation and concealment verdict forms (Verdict Forms 1 and 3), (b) object to new jurors being provided with copies of the 2005 jury's verdict forms, and (c) preserve Artemis's objection to any reference to the first jury's conspiracy verdict.

    •   <u>Motion in Limine re First Jury's Attempt to Award Punitive Damages.</u> This motion will seek to exclude reference to the first jury's attempt to award punitive damages, including the amount of the award, the fact of the award, and the predicate liability findings.

    •   <u>Motion in Limine re Guilty Pleas.</u> This motion will seek to exclude evidence or argument concerning the plea agreements and criminal indictments of other parties in the Federal Bank Holding Company Act criminal case, and the grand jury proceedings and testimony in that criminal matter.

Artemis also will bring motions to exclude the following evidence if the Commissioner and NOLHGA are not willing to stipulate to an exclusion order: (a) the amounts of the Commissioner's settlements with other defendants; (b) the amount of the restitution award that was vacated by the Ninth Circuit; and (c) any reference in Phase One to the profits made on Executive Life's former junk bonds (in light of the Court's Bifurcation Order).

In addition, as contemplated in this Court's ruling on Timothy Hart's testimony,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx)<br>[Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | March 14, 2012 |
|---|---|---|---|
| Title | John Garamendi v. Altus Finance, et al. | | |

Artemis expects to bring a renewed motion to exclude the testimony of Mr. Hart if it becomes necessary to do so following the conclusion of Phase One.  *See* Hart Order at 3 ("[S]hould [the Commissioner] prevail in Phase One, Artemis may thereupon not only renew, but possibly even modify, its motion as to Mr. Hart.").

Next, in the event that the Commissioner prevails in Phase One and obtains an award of compensatory damages in Phase Two, Artemis intends to bring a renewed motion *in limine* to preclude the Commissioner from seeking punitive damages on the ground that, *inter alia*, Artemis' conduct was not sufficiently reprehensible to support an award of punitive damages.  *See* Punitive Damages Order at 2 ("Therefore, during the presentation of evidence at the trial, and after the close of evidence as well, Artemis will have the opportunity to point out any gaps in the Commissioner's evidence, along the lines of its arguments concerning the five *State Farm* factors relevant for determining the availability of punitive damages.").

Finally, Artemis reserves the right to bring other motions during trial depending on the presentation of evidence and the results of Phase One and Phase Two (if Phase Two becomes necessary).[2]

In addition to all the foregoing, the parties are likely to file several motions *in limine* regarding prior rulings of this Court and of Judge Lewin.  *See* Dkt. 3864.

### III.

### WHY THIS COURT CANNOT SET A TRIAL

Before any meaningful trial date can be set, much more work lies ahead, as the

---

[2] And that is not all.  In "responding" last week to the Commissioner's request for a trial setting conference, Artemis claimed such a conference would be premature for the brand new reason that it intends to appeal Judge Zarefsky's ruling denying its motion for terminating sanctions.  Dkt. 4045.  Even if that ruling eventually is upheld, moreover, Artemis claimed that it would be entitled to additional discovery.  Of course, the Commissioner responded that Artemis is not so entitled.  Dkt. 4046.  And the beat goes on.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx) [Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | March 14, 2012 |
|---|---|---|---|
| Title | John Garamendi v. Altus Finance, et al. | | |

foregoing shows. Of course that is regrettable, but does any other case in this District have a docket with 4,046 entries? And yet this case is only part of the mammoth litigation history before this court. Indeed, the collapse and conservatorship of Executive Life Insurance Company triggered several other cases that this federal court previously handled, some of which led to numerous published district court opinions and numerous appeals decided by the Ninth Circuit and even the California Supreme Court. Just a partial list of the cases, and citations to just two of the numerous published decisions, would include *Garamendi v. SDI Vendome S.A.*, CV 02-5983 (*see* 276 F. Supp. 2d 1030 (2003)); *Sierra National Insurance Holdings, Inc. v. Altus Finance*, CV 01-1339; *Sergio Carranza-Hernandez v. Altus Finance, S.A.*, CV 99-8375; *Sergio Carranza-Hernandez v. Artemis, S.A.*, CV 00-593; *California ex rel RoNo v. Altus Finance*, CV 01-8587 (*see*, *California v. Altus Finance*, 36 Cal. 4th 1284 (2005)). In addition, there was a federal criminal prosecution and other hard-fought cases in state court.

Post-remand, the Court has attempted to assist the parties to develop methods and tools that will enable them to avoid re-trying the entire case, which would exceed the intended scope of the Ninth Circuit's problematic remand. Thus, in an effort to help a jury begin to comprehend this extraordinarily complicated lawsuit, this Court circulated its own internal annotated findings (not previously published) that led to the May 14, 2010 Order requiring the parties to stipulate to Exhibit A to the Supplemental Joint Submission re Annotated Findings. The process that led up to that stipulation was disappointing, because the parties rejected most of this Court's proposals for avoiding the practical equivalent of a retrial, relying on language quibbles, self-serving "glosses" on what many findings mean or could mean, and claims (mostly unfounded) that some findings are irrelevant. Although Attachment A is a start in providing for a manageable trial, as is the Statement of the Case the Court drafted, at least two things remain clear: (1) before any meaningful trial date can be set, the Court must further narrow the issues and contentions by resolving the expected future motions described above and (2) even after the Court does so, and even after the Court imposes rigid time limits, this trial unquestionably will be extremely lengthy.

This Court's existing docket and judicial responsibilities remain extensive and pressing. As the Court previously advised the parties, *see* Dkt. Nos. 3997 and 4001, upon becoming a senior judge the Court has returned not a single case to any "wheel" nor transferred any case to any other judge. In addition, several other cases have been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx) [Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | March 14, 2012 |
|---|---|---|---|
| Title | John Garamendi v. Altus Finance, et al. | | |

transferred to this Court, one of which led to a recent several-week trial. Starting next week and within the next nine months the Court is required to try at least two criminal, multi-defendant trials (one involving a gang murder) that will last numerous weeks; one of the many *Perfect 10* cases assigned to this court; a highly-publicized civil rights trial; Phase II of a CERCLA trial; and quite possibly others. Moreover, the Court has continued to exercise various time-consuming but important court administrative responsibilities.

It has become no longer possible or fair for this Court to devote further substantial resources to this case, to the exclusion or detriment of its other responsibilities. And it will not do so. Another jurist will have to be lined up, notwithstanding the Court's prior unwillingness to saddle a colleague with this vexing case. Accordingly, the Court directs counsel separately to file a status report setting forth their respective preferences for one of the following three alternatives.

  1. <u>Mediation</u>. As counsel are aware, this Court on several occasions previously implored them to pursue a settlement in a good faith. So did the Ninth Circuit. *Poizner v. Altus Finance*, 540 F.3d 992, 1011 (9th Cir. 2008) ("Although we remand this case to the district court . . . we strongly urge the parties to reconsider their differences and we again offer the services of the court's mediation unit.") All the lawyers in this case are unusually skillful, dedicated and accomplished; it is truly regrettable that they have not yet succeeded in persuading their respective clients to "get real" about settlement, despite receiving assistance from at least two nationally-renowned mediators. It is not enough to trot out the adage that a firm trial date is all that's necessary to lead to a settlement. The Court did set such dates but because of the ensuing avalanche of sometimes complicated motions on top of a packed calendar it was forced to vacate them. Moreover, sometimes the dismal prospect of an uncertain delay is what really leads to settlements. In any event, nothing prevents the parties from settling.

  2. <u>Arbitration</u>. The parties can select a skillful arbitrator or arbitration panel that would let them put on their respective cases. Of course, this would constitute a waiver of jury trial, but should the parties really care? If the first trial and the parties' post-remand filings are reliable *indicia,* it will be nearly impossible for *any* jury to truly understand the evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2829 AHM (CWx) [Consolidated with Case No. CV 01-1339 AHM (CWx)*] | Date | March 14, 2012 |
|---|---|---|---|
| Title | John Garamendi v. Altus Finance, et al. | | |

      3.    <u>Re-Assignment of the Case.</u>  If the parties don't agree on either of the first two options, or if they pick the first option (mediation) and still fail to reach a settlement, the Court will send this case back to the wheel for random reassignment to a different judge.[3]  If the Court is forced to do this, it is of course impossible to predict what remaining schedule and trial date will be imposed.

      The parties' respective responses must be filed by not later than March 30, 2012.

                                                                                                                                      :

                                                    Initials of Preparer                    SMO

---

     [3] Given that this is the likely result, alas, the Court prepared the initial portions of this Order in the hope that they will provide guidance to the successor judge.